| | | | |
|---|---|---|---|
| Case No. | **CV 18-10499-DMG (JEMx)** | Date | March 7, 2019 |
| Title | *Jose A. Rodarte v. Ford Motor Company, et al.* | Page | 1 of 10 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS [15]**

This matter is before the Court on Plaintiffs' Motion to Remand ("MTR") and Request for Attorney's Fees and Costs ("MFA"). For the reasons set forth below, the MTR is **GRANTED** and the MFA is **DENIED**.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jose Rodarte resides in Ventura County, California. Defendant Vista Ford Oxnard ("Vista") is a California corporation conducting business in Ventura County, California. Defendant Ford Motor Company ("Ford") is a Delaware corporation whose principal place of business is in Michigan. Complaint [Doc. # 1, Ex. A at ¶¶ 3–5].

Plaintiff alleges that on June 19, 2005, he purchased from Vista a new Ford F-350 Super Duty truck, equipped with a 6.0-liter Powerstroke diesel engine. *Id.* at ¶¶ 9–10. The vehicle came with a warranty that guaranteed engine repair for five years or 100,000 miles. *Id.* at ¶ 10. At some point after he purchased the vehicle, Plaintiff began experiencing problems with the engine. *Id.* at ¶ 57. On multiple occasions, Plaintiff had the vehicle repaired by Vista and other authorized repair facilities and received assurances that the problems had been fixed. *Id.* at ¶¶ 61–62. On July 22, 2011, Plaintiff's "vehicle would crank but would not start," so he brought the vehicle to Vista for repair. Vista performed a multitude of repairs and assured Plaintiff that the repairs would solve the problem. *Id.* at ¶ 83. On August 4, 2017, Plaintiff brought his vehicle to a third-party repair shop because he was experiencing "sever [sic] engine problems." *Id.* at ¶ 74. The third-party repair shop "replac[ed] the EGR Cooler and gasket kit, and performed a turbo rebuild service." *Id.* at ¶ 84. Plaintiff alleges that Ford knew "of the 6.0-liter engine's many flaws and quality concerns" and "had authorized dealers implement a 'Band-Aid' strategy that allowed the dealers to take only limited repair measures." *Id.* at ¶¶ 33, 37.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10499-DMG (JEMx)** | Date | March 7, 2019 |
|---|---|---|---|
| Title | *Jose A. Rodarte v. Ford Motor Company, et al.* | Page | 2 of 10 |

On November 19, 2018, Plaintiff filed his Complaint in Ventura County Superior Court against Defendants. The Complaint alleges causes of action for: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) concealment; (4) fraud in the performance of a warranty contract; (5) violation of the Song-Beverly Act; and (6) violation of the Consumer Legal Remedies Act. Plaintiffs bring claims one, two, three, five, and six against both Defendants, and claim four against Ford only. *Id.* at ¶¶ 90, 118, 140, 163, 217, 234. None of Plaintiff's claims arise under federal law.

On December 19, 2018, Ford removed the case to this Court from Ventura County Superior Court under the theory that Vista was "fraudulently joined . . . for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court." [Doc. # 1 ("Notice of Removal") at ¶ 23.] Ford asserts that "this Court has the jurisdiction to accept this matter, as absent Vista Ford, complete diversity exists" and "the amount in controversy exceeds $75,000." *Id.* at ¶¶ 23, 27.

On February 6, 2019, Plaintiff filed his MTR, denying Ford's claim that Vista was fraudulently joined. [Doc. # 11 ("MTR") at 4.] Plaintiff also seeks an award of attorneys' fees and costs under 28 U.S.C. section 1447(c) because he claims the case was improperly removed. *Id.* at 7. The motion is now fully briefed. [Doc. ## 17 ("Opp."), 20 ("Reply").]

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted.) "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10499-DMG (JEMx)** | Date | March 7, 2019 |
|---|---|---|---|
| Title | *Jose A. Rodarte v. Ford Motor Company, et al.* | Page | 3 of 10 |

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in its complaint. *See Ritchey*, 139 F.3d at 1318 (to determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the 'existence of federal jurisdiction . . . solely by an examination of the plaintiff's case.'") (citations omitted). A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* (citing *McCabe*, 811 F.2d at 1339). A removing defendant must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

### III.
### DISCUSSION

Ford argues that Vista's joinder is fraudulent because Plaintiff's claims against Vista are barred by the doctrine of *res judicata* and by their respective statutes of limitation. *Id.* at 5, 8. Alternatively, Ford argues that the Court should exercise its discretion under Federal Rule of Civil Procedure 21 to drop Vista as a Defendant. *Id.* at 14.[1]

---

[1] Ford also argues that the Court should disregard Plaintiff's MTR because it was filed in violation of Local Rule 7-3. *Id.* at 2. The Court declines to do so, because the motion has been fully briefed and the Court prefers to address the motion on its merits, and there is no prejudice to Defendant. *See* C.D. Cal. L.R. 7-4 ("The Court *may* decline to consider a motion unless it meets the requirements of L.R. 7-3 . . . .") (emphasis added); *see also CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (considering a motion filed in violation of Local Rule 7-3 because "[f]ailure to comply with the Local Rules does not automatically require the denial of a party's motion, . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | **CV 18-10499-DMG (JEMx)** | Date | March 7, 2019 |
|---|---|---|---|
| Title | ***Jose A. Rodarte v. Ford Motor Company, et al.*** | Page | 4 of 10 |

### A. *Res Judicata* Does Not Render Vista Fraudulently Joined

Ford first argues that *res judicata* bars Plaintiff's claims against Vista because Plaintiff "was a class member in a prior class action that contained similar claims and he did not opt out[.]" Opp. at 5. The prior class action is *In re Navistar 6.0L Diesel Engine Products Liability Litigation*, Case No. 1:11-cv-02496 ("*Navistar*"), a case against Ford that settled in the Northern District of Illinois. Even though Vista was not a party to the *Navistar* action, Ford argues that *res judicata* applies because the *Navistar* class agreed to a broad release of claims relating to the defective 6.0-liter engine. Opp. at 5–8.

The *Navistar* settlement release may include claims similar to Plaintiff's. But Ford has provided no evidence that Plaintiff was a member of the settlement class. The class included:

> All entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a model year 2003-2007 non-ambulance Ford vehicle sold or leased in the United States and equipped with a 6.0-liter PowerStroke diesel engine that received *one or more repairs* covered by *Ford's New Vehicle Limited Warranty* during the vehicle's *first five years* in service or *100,000 miles*, whichever comes first, to: a fuel injector; the exhaust gas recirculation ("EGR") valve; the EGR cooler; the oil cooler; or the turbo charger ("Class Vehicle").

Ex. B to Hanna Opp. Decl., *Navistar* Amended Class Complaint at ¶ 308 [Doc. # 17-2] (emphasis added). Ford asserts that Plaintiff does not appear on the list of individuals who opted out of the class. *See* Ex. D to Hanna Opp. Decl., List of Class Members Who Have Submitted A Valid Request for Exclusion [Doc. # 17-2]. The fact that Plaintiff owned a vehicle equipped with a 6.0-liter PowerStroke diesel engine and failed to opt out of the class, however, is not enough to show that Plaintiff was a class member to begin with.

Ford makes no argument or evidentiary showing that Plaintiff's vehicle underwent warranty repairs within five years or 100,000 miles of the date he purchased the vehicle. *See* Notice of Removal; Opp. Indeed, the dates that Plaintiff alleges he took his truck in for repairs all fall outside the five-year window. Compl. at ¶¶ 74, 83, 84; [Doc. # 15-1 "Mitch Rosensweig Decl.", Ex. A. ("Plaintiff's Retail Installment Sale Contract").]

Even assuming, *arguendo*, that Plaintiff was a member of the *Navistar* class and his claims were released by the settlement, the Court would still be unable to conclude Vista was fraudulently joined on this basis. When analyzing fraudulent joinder, courts consider "whether

the plaintiff truly [has] a cause of action against the alleged sham defendants." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). While a "removing defendant [can] submit facts showing that a resident defendant had 'no real connection with the controversy,'" courts typically do not consider "whether those defendants could propound defenses to an otherwise valid cause of action." *Id.* (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 37 (1921)) (explicitly creating an exception for consideration of statute of limitations defenses); *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044–45 (9th Cir. 2009). The Supreme Court has also recognized this distinction, refusing to find joinder fraudulent where a removing defendant's arguments "went to the merits of the action as an entirety, and not to the joinder . . . indicat[ing] that the plaintiff's case was ill founded as to all the defendants." *Id.* at 1318–19 (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)).

This case mirrors *Hunter*, where the Ninth Circuit considered whether the federal preemption of claims against a non-diverse defendant warranted removal. 582 F.3d at 1045. The court determined that if federal preemption applied to the claims against the non-diverse defendant, it applied to the claims of all defendants, "effectively decid[ing] the entire case." *Id.* (quoting *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004). Because "the preemption question require[d] an inquiry into the merits of the plaintiff's claims against all defendants," the court determined that there was no fraudulent joinder, explaining its reasoning as follows:

> [W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; *there is only a lawsuit lacking in merit*. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such—an allegation that . . . "the plaintiff's case [is] ill founded as to all the defendants."

*Id.* at 1044–45 (emphasis added) (quoting *Smallwood*, 385 F.3d at 574 (quoting *Chesapeake*, 232 U.S. at 153)).

Here, a decision that Plaintiff released his claims against Vista would also "effectively decide[] the entire case" because Plaintiff's release would apply to his claims against Ford too. Like the defendant in *Hunter*, Ford should have brought its settlement release argument "in the

UNITED STATES DISTRICT COURT          JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10499-DMG (JEMx)** | Date | March 7, 2019 |
|---|---|---|---|
| Title | *Jose A. Rodarte v. Ford Motor Company, et al.* | Page | 6 of 10 |

context of attacking the merits of [Plaintiff]'s case, rather than as a basis for removing the case to federal court." *Id.* at 1045 (quoting *Smallwood*, 385 F.3d at 571).

**B.     Statute of Limitations**

The Ninth Circuit has carved out an exception to the general rule that merits-based defenses do not affect the fraudulent joinder analysis for arguments that claims are time-barred. *Hunter* 582 F.3d at 1045 ("In *Ritchey*, we held that the statute of limitations defense is a permissible means by which to establish fraudulent joinder in order to remove an action on diversity grounds."). Ford makes such an argument here. Opp. at 8. While Plaintiff asserts that he did not discover the facts giving rise to his causes of action until August 4, 2017, Ford argues that Plaintiff failed to adequately plead delayed discovery. Compl. at ¶¶ 74, 84; Reply at 7; Opp. at 11–12.

   **1.     Statute of Limitations for Plaintiff's CLRA, Fraud, and Negligent Misrepresentation Claims**

The statute of limitations for fraud is three years and the statute of limitations for negligent misrepresentation is two years. Cal. Civ. Proc. Code § 338(d), 339(1). Both claims are subject to the delayed discovery rule. *Id.* § 338(d); 339(1).

The statute of limitations for claims under the CLRA is three years and may also be subject to the delayed discovery rule.[2] Cal. Civ. Code § 1783; *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 644–645 ("[T]he statute of limitations set forth in section 1783 has been interpreted to run 'from the time a reasonable person would have discovered the basis for a claim.'" (quoting *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1148 (N.D. Cal. 2005))).

   **2.     Statute of Limitations for Plaintiffs Song-Beverly Act Claim**

The limitations period "for an action for breach of warranty under the Song-Beverly Act is four years pursuant to section 2725 of the Uniform Commercial Code." *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1306 (2009). The delayed discovery rule applies to Song-Beverly Act claims "where a warranty explicitly extends to future performance of the goods."

---

[2] The Court need not rule conclusively on whether the delayed discovery rule applies to Plaintiff's CLRA claim because the delayed accrual of Plaintiff's other claims ensures that Plaintiff may have *at least one* valid claim against Vista. That is all he must show at this stage. The Court also need not consider whether other doctrines might toll or delay accrual of the statute of limitations because Plaintiff has sufficiently pled delayed discovery.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10499-DMG (JEMx)** | Date | March 7, 2019 |
|---|---|---|---|
| Title | *Jose A. Rodarte v. Ford Motor Company, et al.* | Page | 7 of 10 |

*See* Cal. Com. Code. § 2725(2); *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 217–219 (1991).

In *Krieger*, the court applied the discovery rule where a warranty guaranteed repair of a vehicle for 36 months or 36,000 miles. 234 Cal. App. 3d at 217–219 ("A promise to repair defects that occur during a future period is the very definition of express warranty of future performance . . . ."). The *Krieger* court further held that the delayed discovery rule applies to both implied and express warranties, where an express warranty guarantees future performance. *See id.* at 219 ("In light of our conclusion that actions for breach of warranty under the [Song-Beverly] Act and under the California Uniform Commercial Code are governed by the same statute of limitations, the same rule of accrual must apply to both causes of action.").

Ford contends that "accrual of a breach of *implied warranty* cause of action occurs when tender of delivery is made." Opp. at 10 (alteration in original) (citing *Cardinal Health 301, Inc. v. Tyco Elec. Corp.*, 169 Cal. App. 4th 116, 134 (2008)). The *Cardinal* court determined that the delayed discovery rule did not apply where a warranty guaranteed a part for 50,000 rotations and distinguished *Krieger*, explaining that the warranty in *Krieger* "explicitly extend[ed] to future performance because it contain[ed] an express time limit." *Cardinal*, 169 Cal. App. 4th at 130, 133 ("[C]ourts have held the 'future performance' exception applies only when the future warranty refers to a specific future time period. The 50,000–cycle warranty does not satisfy this standard.").

In this case, the delayed discovery rule applies to the warranties on Plaintiff's vehicle because the express warranty guaranteed the vehicle for five years or 100,000 miles. Thus, the warranty contains an "express time limit" and qualifies as a warranty of future performance. *See Cardinal Health*, 169 Cal. App. 4th at 133.

### 3. Plaintiff Sufficiently Pled Delayed Discovery

The delayed discovery rule tolls the statute of limitations "until the plaintiff discovers, or has reason to discover, the cause of action," and its purpose is to "protect[] those who are ignorant of their cause of action through no fault of their own." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797 (2005); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003) (quoting *April Enters. Inc. v. KTTV*, 147 Cal. App. 3d 805, 832 (1983)). To show delayed discovery, a plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 920–21.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10499-DMG (JEMx)** | Date | March 7, 2019 |
|---|---|---|---|
| Title | *Jose A. Rodarte v. Ford Motor Company, et al.* | Page | 8 of 10 |

Plaintiff alleges that on August 4, 2017, he took the vehicle into a third-party repair shop to fix certain "severe" engine problems. The vehicle reportedly "needed a new EGR Cooler and gasket kit" and Plaintiff then discovered that the "previous repairs to the engine . . . failed to conform Plaintiff's Vehicle to the express warranty." Compl. at ¶ 74.

Plaintiff alleges that he "attempted to have the engine issues fixed on many occasions[,] . . . but the problems with the engine persisted." *Id.* at ¶ 61. He contends that he was unable to discover his causes of action earlier because "Ford and [Vista] continually represented that the repairs 'fixed' the problems with Plaintiff's 6.0-liter engine" and he relied on these representations. *Id.* at ¶62. He also asserts that he could not know that the problems with his vehicle were due "to a known, widespread defect in the engine" because Ford and its authorized dealers "never informed Plaintiff" about the defect. *Id.* at ¶ 85. Plaintiff alleges that Ford went to "great lengths" to "ensure that such information remained confidential and would not be disseminated to the public." *Id.* at ¶¶ 16–56, 85.

Ford avers that Plaintiff was not diligent in investigating the facts giving rise to his claims, but the Court cannot identify any further actions that Plaintiff could have taken to discover them. Opp. at 12. It is unreasonable to argue that Plaintiff should have done more to explore the problems with his engine and should have known that the problems could never be repaired, despite Vista and other authorized repair facilities' assertions that each repair fixed the problems. *Id.* at ¶¶ 59, 62. Plaintiff has sufficiently alleged diligence in investigating the defects with his engine by claiming he continually took his vehicle in for repairs. He has also sufficiently alleged the time and manner that he discovered his claims and the reasons why he was unable to discover his claims prior to the time he alleges.

Given that Plaintiff adequately states that he was unable to discover the facts underlying his causes of action until August 4, 2017, he has filed this action within two years of discovery. *Id.* at ¶¶ 74, 84. Because the statute of limitations for each of the claims is two years or longer, Plaintiff has sufficiently alleged that he filed his claims within the relevant limitations period.

### 4. Ford's Contention that Plaintiff Should Have Discovered His Claims When He Received Notices of the *Navistar* Case and Settlement is Unsupported

While Ford contends that Plaintiff should have discovered his causes of action when he received Ford's notices regarding the *Navistar* case and settlement in 2012 and 2013, Ford has not provided any evidence that Plaintiff was a member of the class, received class notices, or that Ford ever mailed these notices to Plaintiff. Opp. at 13. As a result, Ford fails to show that Plaintiff should have discovered his causes of action in 2012 or 2013.

UNITED STATES DISTRICT COURT        JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10499-DMG (JEMx)** | Date | March 7, 2019 |
|---|---|---|---|
| Title | *Jose A. Rodarte v. Ford Motor Company, et al.* | Page | 9 of 10 |

### C. The Court Declines to Drop Vista Under Federal Rule of Civil Procedure 21

Ford requests that the Court drop Vista as a party under Rule 21 because "the circumstances are sufficiently suspicious, and the prejudice to Plaintiffs [sic] so lacking." Opp. at 14. It is true that district courts "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. But, "a district court's discretion to permit substitutions[, dismissals,] or additions of parties is not a requirement that it do so." *Mendoza v. Nordstrom*, 865 F.3d 1261, 1266 (9th Cir. 2017) (citing Fed. R. Civ. P. 21; *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015)).

Ford cites several cases for the proposition that courts may "retain diversity jurisdiction over a case by dropping a non-diverse party" under Rule 21. Opp. at 15 (quoting *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994)). Notably, none of the cases Ford cites are analogous to this case, where a diverse defendant requests dropping a non-diverse defendant named in the original complaint in order to secure diversity jurisdiction after removal. Ford cites to this Court's order in *Varga v. Wells Fargo Bank, N.A.*, 2017 LEXIS 148536 (C.D. Cal. September 12, 2017), to argue that 28 U.S.C. section 1447(e) should govern Vista's presence in this action. Opp. at 15–16. In *Varga*, however, the Court applied section 1447(e) to a defendant joined in an amended complaint after removal, not a defendant named in the original complaint *before* removal. *Varga*, 2017 LEXIS 148536 at *2. Section 1447(e), which applies only to "additional defendants" that a plaintiff seeks to join "after removal," is inapplicable here because Plaintiff named Vista in his original complaint. 28 U.S.C. § 1447(e).

Given that Ford has not alleged any reasons why, "on just terms," the Court should dismiss Vista, the Court declines to do so.

### IV.
### REQUEST FOR ATTORNEYS' FEES AND COSTS

Plaintiff seeks $1,300 in attorney's fees and costs pursuant to 28 U.S.C. section 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award attorneys' fees under section 1447(c) only when Defendants "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Rangel,* 200 F. Supp. 3d at 1035. Removal "is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F. 3d 1062, 1065 (9th Cir. 2008).

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10499-DMG (JEMx)** | Date | March 7, 2019 |
|---|---|---|---|
| Title | *Jose A. Rodarte v. Ford Motor Company, et al.* | Page | 10 of 10 |

Although Ford has failed to show that the Court has jurisdiction over this action, its attempt to remove the case and defend against Plaintiff's MTR was not objectively unreasonable. Therefore, the Court **DENIES** Plaintiff's MAF.

## V.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR and **DENIES** the MAF. Ford's pending Motion for Judgment on the Pleadings [Doc. # 18] is **DENIED without prejudice as moot**. The April 19, 2019 hearing on the motions is **VACATED**. The case is hereby **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**